**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BARKAN WIRELESS IP HOLDINGS, L.P.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.  2:19-cv-00336-JRG** |
| **SPRINT COMMUNICATIONS CO. L.P., SPRINT SOLUTIONS, INC., and SPRINT SPECTRUM L.P.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**JOINT PROPOSED PRETRIAL ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and this Court's Second Amended Docket Control Order (Dkt. 218), Plaintiff Barkan Wireless IP Holdings, L.P. ("Barkan") and Defendants Sprint Communications Co., L.P., Sprint Solutions, Inc., and Sprint Spectrum, L.P. ("Sprint" or "Defendants") (collectively, the "parties") submit this Joint Proposed Pretrial Order.

**I.      COUNSEL FOR THE PARTIES**

Plaintiff:

Max L. Tribble, Jr.- Lead Counsel (Texas State Bar No. 20213950)
Justin Nelson (Texas State Bar No. 24034766)
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jnelson@susmangodfrey.com

Matthew R. Berry (Washington State Bar No. 37364)
Alexander Aiken (Washington State Bar No. 55988)
SUSMAN GODFREY, L.L.P.
1201 Third Ave., Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com
aaiken@susmangodfrey.com

William D. O'Connell (New York State Bar No. 5491014)
1301 Avenue of the Americas, 32nd Fl.
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
boconnell@susmangodfrey.com

S. Calvin Capshaw (Texas State Bar No. 03783900)
Elizabeth DeRieux (Texas State Bar No. 05770585)
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Michael F. Heim
Robert A. Bullwinkel
Blaine A. Larson
HEIM, PAYNE & CHORUSH, LLP
1111 Bagby St., Suite 2100
Houston, TX 77002
Telephone: (713) 221-2000
mheim@hpcllp.com
abullwinkel@hpcllp.com
blarson@hpcllp.com

T. John Ward, Jr.
Claire Abernathy Henry
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com

Defendants:

David E. Finkelson (*pro hac vice*) (Lead Attorney)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219-3916
Tel: (804) 775-1000
Fax: (804) 698-2016
dfinkelson@mcguirewoods.com

Jason W. Cook (Texas State Bar No. 24028537)
Matthew W. Cornelia (Texas State Bar No. 24097534)
MCGUIREWOODS LLP
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Tel: (214) 932-6400
Fax: (214) 932-6499
jcook@mcguirewoods.com
mcornelia@mcguirewoods.com

Meghan M. Rachford (*pro hac vice*)
MCGUIREWOODS LLP
Promenade
1230 Peachtree Street, N.E., Suite 2100
Atlanta, GA 30309
Tel: (404) 443-5500
Fax: (404) 443-5599
mrachford@mcguirewoods.com

Robert W. Weber Texas State Bar No. 21044800
SMITH WEBER, L.L.P.
5505 Plaza Drive
PO Box 6167
Texarkana, Texas 75503
Tel: (903) 223-5656
Fax: (903) 223-5652
bweber@smithweber.com

## II.    STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

and 1338(a) because this action arises under the patent laws of the United States, including 35

U.S.C. § 1 *et seq*. The parties do not contest subject matter or personal jurisdiction in this case.

## III.     NATURE OF ACTION

This is an action for infringement of Barkan's patents wherein Barkan will seek to prove that Sprint has infringed and/or continues to infringe certain claims of U.S. Patent Nos. 8,014,284 (the "'284 Patent") and 8,559,312 (the "'312 Patent") (collectively, the "patents-in-suit"). Barkan alleges that Sprint infringes pursuant to 35 U.S.C. § 271(a). Barkan also will seek to demonstrate that this is an exceptional case. Barkan seeks damages to compensate for Sprint's infringement in an amount no less than a reasonable royalty, as well as attorneys' fees, costs, and enhancement of damages.

The Sprint defendants contend that Barkan's patents are not infringed, are invalid, and are patent ineligible.  Sprint further contends that Barkan cannot show any willful infringement has occurred. Sprint opposes Barkan's claims of damages and attorneys' fees, costs, and enhancement of damages.  Further, this case is exceptional under 35 U.S.C. § 285, and Sprint seeks its attorneys' fees and costs thereunder, and any other relief the Court deems appropriate.

## IV.     CONTENTIONS OF THE PARTIES

The parties set forth below a summary of their contentions for trial. The parties do not necessarily agree with each other's summaries and contentions for trial and reserve all rights and objections.

Plaintiff's Contentions:

1.       Barkan is a Delaware limited partnership founded by Dr. Elad Barkan ("Dr. Barkan"), an Israeli computer scientist and inventor. Dr Barkan received his PhD from the Technion – Israel Institute of Technology in Haifa, Israel, and is now a researcher at the Weizmann Institute of Science, a research university in Rehovot, Israel.

2.       Dr. Barkan is the inventor of each of the asserted patents, each of which is presently assigned to Plaintiff Barkan Wireless IP Holdings, L.P. ("Barkan").

3.      Barkan owns all right, title, and interest in and to the patents-in-suit and possesses all rights of recovery.

4.      Barkan contends, for purposes of the trial of this action, that Sprint infringes the following claims (the "asserted claims") of the patents-in-suit:

      a.      Claims 15, 20, 21 of the '284 Patent

      b.      Claims 3, 4, 5, 6 of the '312 Patent

5.      Barkan narrows its claims for purposes of trial only. Barkan reserves all rights, and does not admit that Sprint does not infringe other claims of the patents that have been asserted in this action.

6.      Barkan contends that the asserted claims are entitled at least to the priority date of U.S. Patent No. 8,014,284, which is entitled at least to the priority date of World Intellectual Property Organization International Application No. PCT/IL99/00438, which was filed on August 12, 1999.

7.      Barkan contends that the asserted claims were conceived and/or reduced to practice on or before June 5, 1999, followed by diligence in the preparation and filing of the August 12, 1999 International PCT Application.

8.      Barkan contends that each of the patents-in-suit has been issued by the United States Patent and Trademark Office ("USPTO") and therefore is entitled to a presumption of validity, and that Sprint cannot prove that any of the asserted claims is invalid by clear and convincing evidence.

9.      Barkan contends that it is entitled to damages, together with interest (both pre-judgment and post-judgment), adequate to compensate it for Defendants' infringement, in an amount no less than a reasonable royalty, for the use made of the invention by Defendants.

10.     Barkan contends that Sprint had actual notice of its infringement of the patents-in-suit, at least of the filing of Barkan's complaint on October 14, 2019.

11.     Barkan contends that Sprint cannot prove that Barkan's damages should be limited by 35 U.S.C. § 287 or that its recovery of costs should be limited by 35 U.S.C. § 288. Barkan contends that it was not required to mark any products with respect to the patents-in-suit.

12.     Barkan contends that the Eastern District of Texas is a proper venue for this suit.

13.     Barkan contends that this is an exceptional case and that Barkan therefore is entitled to treble damages and attorneys' fees.

14.     Barkan disagrees that Sprint is entitled to a bench trial on ineligibility under 35 U.S.C. § 101.

<u>Defendants' Contentions:</u>

1.     Sprint denies that it infringes any of the asserted claims of the '284 and '312 patents. Sprint also denies any willful infringement.

2.     Sprint contends that the asserted claims  of the '284 and '312 patents are invalid. Specifically, Sprint contends that the asserted claims of the patents are invalid as being anticipated or obvious in view of prior art under 35 U.S.C. §§ 102 and/or 103.

3.     Sprint contends that the asserted claims of the '284 and '312 patents are ineligible under 35 U.S.C. § 101 as being directed toward patent-ineligible subject matter. Sprint requests a bench trial on patent eligibility.

4.     Sprint contends that the patents-in-suit are entitled to a priority date no earlier than the filing of World Intellectual Property Organization International Application No. PCT/IL99/00438, which was filed on August 12, 1999.

5.      Sprint contends that Barkan is not entitled to any damages, including any interest and any damages sought under 35 U.S.C. §§ 284 and 285.

6.      Sprint contends that even if infringement of any valid asserted claim of the patents-in-suit is found, Barkan's proposed royalty is excessive and unsupported.

7.      Sprint contends that it had no actual notice of its alleged infringement of the '312 patent until the filing of Barkan's Original Complaint on October 14, 2019.

8.      Sprint contends that it had no actual notice of its alleged infringement of the '284 patent until the filing of Barkan's First Amended Complaint on December 5, 2019.

9.      Sprint contends that Barkan and/or its licensees were required to mark products with the numbers of the patents-in-suit and Barkan and/or its licensees did not do so in violation of 35 U.S.C. § 287.  Sprint contends that any damages for infringement of the '312 patent should be limited to those incurred from activities arising after the filing of the Original Complaint on October 14, 2019.  Sprint contends that any damages for infringement of the '284 patent should be limited to those incurred from activities arising after the filing of the First Amended Complaint on December 5, 2019.

10.      Sprint contends that even if infringement of any valid asserted claim of the patents-in-suit is found, Barkan is not entitled to an exceptional case finding, attorneys' fees, costs, or enhanced damages under § 285.

11.      Sprint contends that this is an exceptional case warranting award of Sprint's attorneys' fees and costs, and any other relief the Court deems appropriate.

## V.      STIPULATIONS AND UNCONTESTED FACTS

### A.      <u>Uncontested Facts</u>

1.      Barkan is a Delaware limited partnership founded by Dr. Elad Barkan ("Dr. Barkan"), an Israeli computer scientist.

2.      Defendant Sprint Communications Co. is a Delaware limited partnership with a principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

3.      Defendant Sprint Solutions, Inc. is a Delaware corporation with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

4.      Defendant Sprint Spectrum L.P. is a Delaware limited partnership with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

5.      The '284 Patent, entitled "Cellular Network System and Method," was issued by the USPTO on September 6, 2011.

6.      The '312 Patent, entitled "Systems, Devices and Methods for Providing Access to a Distributed Network," was issued by the USPTO on October 15, 2013.

7.      The patents-in-suit are assigned to Plaintiff Barkan.

**B.      Stipulations on Trial Management Procedures[1]**

1.      Demonstratives for Opening and Direct Examination. The parties will exchange copies of all forms of demonstratives that they plan to use during opening statements or direct examination—but not for cross-examination, a party's examination of its own witness that the opposing party has called adversely, or closing statements—by 7:00 PM Central Time on the night before their intended use. The parties shall exchange objections to these demonstratives by 8:30 PM Central Time on the day the demonstratives are received. Non-substantive corrections of typographical type errors to demonstratives may be made prior to use, as long as these edits or corrections are reasonably disclosed in advance of their use.

---

[1] Sprint requests that witnesses that are unable to travel to testify in person due to the COVID-19 pandemic be allowed to testify virtually via videoconference.   Barkan opposes Sprint's request.

a.      This stipulation applies to demonstratives specifically created for the purpose of the trial and for illustrative purposes only, and do not include (1) demonstratives created in the courtroom during testimony or opening at trial; or (2) the enlargement, highlighting, ballooning, underlining, or the like, of trial exhibits or transcripts of trial testimony, or transcripts of deposition testimony for which objections have been cleared.

b.      Demonstratives need not be included in the parties' respective exhibit lists.

c.      Neither party will use the other party's own demonstratives before they are used by the disclosing party.

2.      <u>Non-Documentary and/or Live Demonstratives.</u> The parties will make available for inspection all non-documentary demonstratives or live demonstratives, such as physical exhibits, physical prior art or physical products, that they plan to use during direct examination or during opening or closing statements—but not for cross-examination or a party's examination of its own witness that the opposing party has called adversely—by 7:00 PM Central Time two nights before their intended use. The parties shall exchange objections to these non-documentary demonstratives or live demonstratives by 8:30 PM Central Time on the night before their intended use. Demonstratives previously displayed in the course of the trial need not be disclosed again.

3.      <u>No Demonstratives to Jury.</u> The Parties agree that demonstratives shall not go to the jury during deliberations.

4.      <u>Witnesses.</u> The parties will identify witnesses to be called live and by deposition (in the reasonably anticipated order of call) at 7:00 PM Central Time two nights before the day of trial during which the witnesses are expected to testify. In other words, if a witness will testify on a Wednesday, the witness must be identified by 7:00 PM Central Time on Monday. The parties

will also exchange lists of exhibits they intend to use during direct examination or by witnesses called by designation by 7:00 PM the night before their intended use, and an identification of the witnesses each such exhibit will be used with on direction examination or by designation. The parties shall exchange any objections by 8:30 PM Central on the day the lists are received.

5.      <u>Deposition Designations.</u>    For each witness that a party intends to call by deposition, the party shall, by 7:00 PM Central Time two calendar days prior to the date the party intends to call such witness, provide the other side with a list of final designations that will be played.  The receiving party shall provide a final list of objections and counter-designations by 8:00 PM Central Time the same day. Objections to the 8:00 PM Central counter-designations are due by 8:30 PM the same evening.

- The party who seeks to introduce the deposition testimony will be responsible for preparing the video clips to be played, including the counter-designations made by the other side.

- Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

6.      <u>Resolution of Objections.</u> The parties will meet and confer regarding any objections at 9:00 PM Central on the night the objections are exchanged. Any unresolved objections will be raised with the Court by email directed to the Court's law clerk(s) no later than 10:00 PM Central Time for resolution the next morning outside the presence of the jury.

7.     Exhibit List Descriptions.  The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

8.     Use of Pre-Admitted Exhibits During Opening. The parties agree that any exhibit pre-admitted at the time of opening statements may be shown to the jury during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.

9.     Use of Other Party's Exhibits and Designations.  Each party reserves the right to use exhibits and deposition designations from the other party's trial exhibit list and designations, even if not separately listed on its own list. Each party also reserves the right to use deposition counter designations as part of its affirmative designations, and any initial or counter-counter designations as counter designations. The parties agree to edit out attorney objections and colloquy from the deposition clips. The parties also agree that each deposition will be played in order of the witness's testimony at the deposition, rather than, e.g., playing all initial designations followed by all counter-designations.

10.     Materials Designated Confidential. Pursuant to Paragraph 17 of this Court's Amended Joint Protective Order (Dkt. 97), nothing shall be deemed to prevent the parties from introducing any Designated Material into evidence at the trial of this Action, or from using any information contained in Designated Material at the trial of this Action.

11.     Witness Binders. The parties agree that there is no requirement to prepare a binder of evidence or demonstratives for a witness; however, if a party provides a binder to a witness, the party will provide at least one copy to the opposing side at the same time the binder is presented to the witness.

12.   <u>Notice of Intent to Rest.</u> A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 PM Central Time or prior to leaving court, whichever is later, the day before that party expects to rest and provide a good-faith estimate of how much additional trial time the party expects to use before resting.

### C.   Stipulations on Evidentiary Issues

1.   The parties entered into a Joint Stipulation Regarding Business Records regarding the status of certain documents that the parties have agreed satisfy the requirements of Federal Rule of Evidence 803(6)(A), (B), and (C) (Dkt. 217).

2.   Barkan and Airspan, a non-party manufacturer of certain of the Sprint Accused Products, entered into a Joint Stipulation Regarding Business Records.

3.   The parties entered into a Joint Stipulation on certain motions *in limine* (Dkt. 225).

4.   The parties will endeavor to enter into a stipulation on the authenticity of exhibits.

5.   The parties stipulated that Elad Barkan's and Moti Barkan's respective Rule 30(b)(6) deposition testimony from *Barkan Wireless IP Holdings, LP v. Samsung Electronics Co., Ltd. et al.*, Civil Action No. 2:18-cv-00028 (E.D. Tex.) is Rule 30(b)(6) deposition testimony for Plaintiff Barkan in this case.

## VI.   CONTESTED ISSUES OF FACT AND LAW

The parties set forth below their contested issues of fact and law for trial. The parties reserve all rights and objections.

<u>Plaintiff Barkan's Contested Issues:</u>

1.   Whether Sprint infringes one or more of the asserted claims of the patents-in-suit.

2.   When Sprint received actual notice of the patents-in-suit.

3.   Whether, on or after the date on which Barkan filed suit against Sprint, Sprint's infringement became willful, thus entitling Barkan to enhanced damages.

4.      Whether the asserted claims of the patents-in-suit are valid.

5.      Whether Sprint's asserted prior art references were publicly accessible prior to the relevant priority date for each patent.

6.      Whether Barkan is entitled to damages to compensate for Sprint's alleged infringement and—if so—the amount of such damages, whether Barkan is entitled to an ongoing royalty, and whether Barkan's damages are limited by 35 U.S.C. § 287.

7.      Whether this case is an exceptional case entitling Barkan to attorneys' fees and costs and, if so, in what amount, and whether Barkan's recovery of costs is limited by 35 U.S.C. § 288.

8.      Whether Barkan is entitled to attorneys' fees and costs and, if so, in what amount.

9.      Whether Barkan is entitled to pre- and post-judgment interest and, if so, in what amount.

<u>Defendants' Contested Issues (in addition to Plaintiff's contested issues):</u>

10.      Whether the asserted claims of the patents-in-suit are invalid.

11.      Whether the asserted claims of the patents-in-suit are directed to patent-ineligible subject matter.

12.      Whether Barkan has proved by a preponderance of the evidence that Sprint infringes any of the asserted claims of the patents-in-suit.

13.      Whether Barkan is entitled to damages to compensate for Sprint's alleged infringement, and, if so, the amount of such damages.

14.      Whether the '312 patent expired on February 12, 2020.

15.      Whether the '284 patent expires on August 29, 2023.

16.     Whether Barkan and/or its licensees failed to mark products with the numbers of the patents-in-suit in violation of 35 U.S.C. § 287.

17.     Whether Barkan is entitled to any damages prior to the filing of the lawsuit and/or the First Amended Complaint.

18.     Whether Barkan is entitled to present the question of an ongoing royalty to the jury in this action.

19.     Whether Barkan can show that Sprint's alleged infringement was willful and if so, whether any enhancement of damages is appropriate.

20.     Whether Barkan is entitled to any attorney's fees, costs, or interest, and the amount thereof.

21.     Whether Sprint is entitled to attorneys' fees and costs under 35 U.S.C. § 285, and if so, in what amount.

## VII.   LIST OF WITNESSES AND DEPOSITION DESIGNATIONS

Barkan's witness list is attached as Exhibit 1. Barkan's deposition designations (with Sprint's objections and counter-designations, and Barkan's objections to counter-designations) are attached as Exhibit 2.

Sprint's witness list is attached as Exhibit 3, Sprint's deposition designations (with Barkan's objections and counter-designations, and Sprint's objections to counter-designations) are attached as Exhibit 4.

## VIII.  EXHIBIT LISTS

Barkan's exhibit list (with Sprint's objections) is attached as Exhibit 5. Sprint's exhibit list (with Barkan's objections) is attached as Exhibit 6.

IX.     **PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS**[2]

The parties' proposed preliminary jury instructions are attached as Exhibits 7 and 8, respectively. Barkan's proposed verdict form is attached as Exhibit 9. Sprint's proposed verdict form is attached as Exhibit 10.

X.      **LIST OF PENDING MOTIONS**

1.      Dkts. 154 (sealed) & 168 (redacted): Sprint's Motion for Summary Judgment of No Pre-Suit Damages Based on Plaintiff's Failure to Comply with 35 U.S.C. § 287

2.      Dkt. 155: Barkan's Motion to Strike Portions of the Invalidity Report of Dr. Stephen B. Wicker

3.      Dkt. 156 (sealed) & 165 (redacted): Sprint's Motion for Summary Judgment of Noninfringement for Cellular/Relay Backhaul Accused Products

4.      Dkt. 157 (sealed) & 167 (redacted): Defendants' Motion for Summary Judgment of No Pre-Suit Willful Infringement

5.      Dkt. 158 (sealed) & 171 (redacted): Sprint's Motion to Exclude the Damages Opinions of Mr. Walter Bratic

6.      Dkt. 159 (sealed) & 177 (redacted): Sprint's Motion for Summary Judgment of Noninfringement of "Coordination Center" and "Tamper-Free" Claims

7.      Dkt. 160 (sealed) & 169 (redacted): Sprint's Motion to Strike Untimely Infringement Allegations

---

[2] Barkan provided Sprint with a copy of its proposed jury instructions and verdict form on February 19. Sprint provided Barkan with copies of its proposed jury instructions and verdict form on February 23, 2021. The parties are continuing to meet and confer regarding jury instructions and verdict forms.  Each party objects to the others' proposed jury instructions and verdict forms and reserves all rights.

8.      Dkt. 161 (sealed) & 170 (redacted): Sprint's Motion to Strike Unsupported and Unreliable Portions of Dr. Hernandez-Mondragon's Opening Report

9.      Dkt. 226: Plaintiff Barkan Wireless IP Holdings, L.P.'s Motions in Limine

10.     Dkt. 227: Sprint's Motions in Limine

## XI.    LENGTH OF TRIAL

Jury Trial

The parties estimate that the jury trial will last 5 days (or 12 hours per side, excluding opening, closing and *voir dire*).  The parties believe that the Court should allocate:

- 40 minutes per side for *voir dire*;

- 45 minutes per side for opening statements;

- 45 minutes per side for closing statement.

Bench Trial for 35 U.S.C. §101 Issues

Sprint requests a bench trial of no more than 2.5 hours per side.

Barkan contends that Sprint is not entitled to a § 101 bench trial. Barkan contends that Sprint did not include any § 101 theory in its expert reports and has forfeited the right to raise § 101 theories at trial.

## XII.   CERTIFICATIONS

The undersigned counsel to the Parties hereby certify and acknowledge the following on behalf of their respective parties:

1.      Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

2.      The parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.  The parties have stipulated and moved

this Court on various issues altering discovery limitations, which have been approved by this Court.

      3.      Each exhibit in the Exhibit Lists attached: (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.

DATED: February 23, 2021

Respectfully submitted,
*/s/ Max L. Tribble, Jr.*
Max L. Tribble, Jr. – Lead Counsel
Texas State Bar No. 20213950
Justin Nelson
Texas State Bar No. 24034766
**SUSMAN GODFREY, L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jnelson@susmangodfrey.com

Matthew R. Berry
Washington State Bar No. 37364
Alexander Aiken
Washington State Bar No. 55988
**SUSMAN GODFREY, L.L.P.**
1201 Third Ave., Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com
aaiken@susmangodfrey.com

William D. O'Connell
New York State Bar No. 5491014
**SUSMAN GODFREY, L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
boconnell@susmangodfrey.com

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth DeRieux
Texas State Bar No. 05770585
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

Michael F. Heim
Texas State Bar No.
Robert A. Bullwinkel
Texas State Bar No.
Blaine A. Larson
**HEIM, PAYNE & CHORUSH, LLP**
1111 Bagby St., Suite 2100
Houston, TX 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com
abullwinkel@hpcllp.com
blarson@hpcllp.com

T. John Ward, Jr.
Claire Abernathy Henry
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com

*Attorneys for Plaintiff Barkan Wireless IP Holdings, L.P.*

Dated: February 23, 2021

Respectfully submitted,

/s/ *David E. Finkelson*
David E. Finkelson (*pro hac vice*)
Lead Attorney
**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219-3916
Tel:  (804) 775-1000
Fax:  (804) 698-2016
dfinkelson@mcguirewoods.com

Jason W. Cook
Texas State Bar No. 24028537
Matthew W. Cornelia
Texas State Bar No. 24097534
**McGuireWoods LLP**
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
Tel:  (214) 932-6400
Fax:  (214) 932-6499
jcook@mcguirewoods.com
mcornelia@mcguirewoods.com

Meghan M. Rachford (*pro hac vice*)
**McGuireWoods LLP**
Promenade
1230 Peachtree Street, N.E., Suite 2100
Atlanta, GA 30309
Tel:  (404) 443-5500
Fax:  (404) 443-5599
mrachford@mcguirewoods.com

Robert W. Weber
Texas State Bar No. 21044800
**SMITH WEBER, L.L.P.**
5505 Plaza Drive
PO Box 6167
Texarkana, Texas 75503
Tel: (903) 223-5656
Fax: (903) 223-5652
bweber@smithweber.com

*Counsel for Defendants Sprint Communications
Company L.P., Sprint Solutions, Inc., and Sprint
Spectrum L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document and accompany exhibits were served on all counsel of record via email on February 23, 2021.

*/s/ William D. O'Connell*
William D. O'Connell

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that Barkan is authorized to file this document and related exhibits under seal pursuant to Paragraph 16 of the Protective Order and Local Rule CV-5(a)(7) because they contain confidential material.

*/s/ William D. O'Connell*
William D. O'Connell